## The People of the State of Illinois, Defendant in Error, v. Elza Weaver and William E. Cook, Plaintiffs in Error.

1. DRAMSHOPS—*when count need not conclude in violation of act.* A count of an information charging sales in violation of the Dram Shop Act, need not conclude in violation of such act, where it is averred therein that the sales were in violation of the act.

2. DRAMSHOPS—*prosecution by information.* The offense of keeping a common nuisance in violation of the act for the creation of anti-saloon territory may be prosecuted by information.

3. DRAMSHOPS—*power to abate nuisance not part of punishment for offense.* The power to abate the nuisance defined by the act relating to anti-saloon territory, Section 14, is not part of the punishment for the offense, but is a power, incidental to the punishment, to suppress a business unlawfully conducted.

4. DRAMSHOPS—*power to abate premises.* On conviction on an information charging the selling of liquor in anti-saloon territory the court has power to abate the premises, under Section 14 of the act providing for the creation of such territory.

5. EVIDENCE—*when copy of government license to sell liquors admissible.* On prosecution by information for selling liquor in anti-saloon territory, it is not necessary that notice to produce the original license or government stamp issued to the defendants be given, before a copy thereof can be received in evidence, since the records of the office of the Collector of Internal Revenue may be proved by a witness who has examined the copy and original, and found them to correspond.

6. DRAMSHOPS—*verdicts.* Where a count of an information charges defendants with keeping a common nuisance, in keeping a place where intoxicating liquors were sold in anti-saloon territory and with selling liquors at such place, a verdict of guilty on such count is not inconsistent with a verdict of not guilty on counts alleging unlawful sales of liquor in anti-saloon territory.

7. CRIMINAL LAW—*when not error to try defendants after co-defendants plead guilty.* It is not error to try certain defendants charged with selling liquor in anti-saloon territory and with being the keepers of the place, though their co-defendants pleaded guilty since their guilt or innocence is not affected by such plea.

8. DRAMSHOPS—*informations.* Where there is no proof that premises in anti-saloon territory in which intoxicating liquors are sold are not sufficiently located thereby, a description of the building as located on lot 7, block 5, of "J. A. Hudleson's Second Addi-

tion" is sufficient, though the government license was transferred to lot 7, blk. 5, of "Hudleson's Ad."

9. DRAMSHOPS— *informations.* A description of a place in anti-saloon territory, in which it is charged that intoxicating liquors are sold, must be sufficiently particular to guide and protect the officer executing the judgment of abatement.

10. DRAMSHOPS—*instructions.* An instruction on prosecution for keeping a common nuisance by keeping a place in anti-saloon territory where intoxicating liquors were sold, and for selling liquors, to the effect that jury could not convict unless they believe beyond a reasonable doubt that the defendants were the actual keepers, and that it was not sufficient if they only aided and abetted in the keeping, or if the sales were made as servants or employes of the place, is improperly refused.

Prosecution for unlawful sale of intoxicating liquor. Error to the County Court of Franklin county; the Hon. THOMAS J. LAYMAN, Judge, presiding. Heard in this court at the March term, 1912. Reversed and remanded. Opinion filed June 5, 1912.

MOONEYHAM & SEEBER, for plaintiffs in error.

G. A. HICKMAN, for defendant in error.

MR. JUSTICE SHIRLEY delivered the opinion of the court.

The state's attorney of Franklin county filed an information containing eighteen counts against plaintiffs in error and three others charging them in all the counts except the eighteenth with selling intoxicating liquor, in anti-saloon territory. The eighteenth count charged them with keeping a common nuisance in being the keepers of a place where intoxicating liquors were sold (describing the place) in anti-saloon territory, and that they unlawfully sold intoxicating liquors in said place. The three other defendants entered pleas of guilty. Upon a trial plaintiffs in error were acquitted upon all the counts except the eighteenth and upon that count they were found guilty. The court entered judgment upon the verdict and sentenced plaintiffs in error to pay a fine and to imprisonment in the county jail, and abated the place as a com-

mon nuisance until a bond of five hundred dollars be given.

The evidence established that intoxicating liquors were sold to divers persons at the place sufficiently described in the information, and that it was a place where such liquors were unlawfully sold. There was also evidence that plaintiffs in error were frequently at the place and one witness testified he bought a drink from plaintiff in error Weaver on one occasion. It was further shown that during the time of the alleged sales a government license to retail liquor had been issued to plaintiffs in error and Noble Weaver and Roy Carter describing a business location in said territory, and which was transferred to East forty feet of Lot seven, Block five, Hudleson's Addition to Benton. It further appeared that one W. H. Dirden was a wholesale liquor dealer in East St. Louis and that plaintiff in error Elza Weaver had purchased at the local bank a number of drafts payable to his order. This evidence tended to show that plaintiffs in error were the keepers of the place.

Plaintiffs in error both testified they had no interest whatever in the business and had nothing to do with it. Elza Weaver said he did not authorize his name placed in the government license; that he was in jail at the time and knew nothing about it. Cook testified he knew his name was in the application for the license at which time he thought he might go into the business but afterwards concluded not to do so. The other persons named in the license, Noble Weaver and Roy Carter, corroborated plaintiffs in error and testified plaintiffs in error had nothing to do with the business, had no interest in it, and received no profit from it.

A motion was made to quash the count of the information upon which plaintiffs in error were found guilty on the ground the count does not aver that sales were made in the town of Benton, and also that the count does not conclude in violation of the Dram Shop Act of the state of Illinois.

Neither position is correct. The count sufficiently avers the sales were made in the town of Benton and it was not necessary the count should *conclude* "in violation of the Dram Shop Act of the State of Illinois." It is averred in the count that the sales were made in violation of the act providing for the creation of anti-saloon territory and prohibiting the licensing and sale of intoxicating liquors therein. This was sufficient and meets the objection made to the count in this respect.

Counsel argue that the judgment of the court abating the alleged nuisance and ordering the building closed until a bond should be given was in the nature of a punishment and was an order which could not be made under the information since by Art. 2, Sec. 8 of the Constitution of 1870, cases punishable by fine and imprisonment only, can be prosecuted by information.

Sec. 14 of the act providing for the creation of anti-saloon territory and prohibiting the licensing and sale of intoxicating liquors therein provides that all places where intoxicating liquors are sold in violation of the act shall be held and declared to be common nuisances and abated as such and in case of the conviction of the keeper the place where the liquor is sold shall be abated until the keeper give bond, etc.

It has been held that cases in which the punishment consists of fine and imprisonment and the additional punishment which was an infamous punishment must be prosecuted by presentment or indictment by a grand jury. People v. Kipley, 171 Ill. 73.

The only punishment provided by Sec. 14 of the statute *supra* is one of fine and imprisonment. The offense of keeping a common nuisance is not one of the crimes enumerated in Sec. 458 of the criminal code as infamous, and it may be prosecuted by information. The power lodged in the court to abate the nuisance upon conviction is not a part of the punishment but is a power incidental to the punishment to suppress

a business unlawfully conducted that is peculiarly the subject of police regulation. The court has the power under sec. 14 of the statute, *supra,* upon conviction on information to abate the premises as a common nuisance.

Objection was made to the admission in evidence of an examined copy of a license or government stamp issued in the names of plaintiffs in error and Noble Weaver and Roy Carter, on the ground no notice was given to produce the original. The records of the office of the Collector of Internal Revenue are public records and may be proved by the oral evidence of a witness who has examined the original and copy and found them to correspond. (Jones on Evidence, Secs. 534, 535.) And as this proof was made notice to produce the original was not necessary.

It is urged that the verdict of the jury finding plaintiffs in error not guilty on the seventeen counts charging them with the unlawful sales of intoxicating liquor was inconsistent with a verdict of guilty on the eighteenth count and was equivalent to a verdict of not guilty on that count. The eighteenth count contained a charge of unlawful selling in addition to being the keepers, and the verdict of guilty on that count was not inconsistent with the verdict of not guilty on the other counts. It is argued it was error to try plaintiffs in error on the count after their codefendants had pleaded guilty. There was no error in this. The plea of guilty or any disposition made of the others did not affect the question of the guilt or innocence of plaintiffs in error.

The information described the building as located on the East forty feet of Lot seven, Block five of J. A. Hudleson's Second Addition to the City of Benton while the license was transferred after it was issued to E. 40 ft. Lot 7, Blk. 5, Hudleson's Ad. Benton. This is claimed to have been a fatal variance between the averment and the proof.

In describing the place it is necessary if it is to be

abated as a nuisance, to describe it with such particularity that the officer executing the judgment of abatement shall be both guided and protected. Grom v. People, 135 Ill. App. 457. As there was nothing in the proof to indicate the description did not sufficiently locate the place it was a sufficient description.

Error is claimed in giving the tenth instruction on the part of the People. It was a stock instruction on the subject of a reasonable doubt and we discover no objection to it.

Plaintiffs in error asked and were refused an instruction that before the jury could convict under the count charging the keeping of a nuisance they must believe beyond a reasonable doubt they were the actual keepers of the place and it was not sufficient that they should believe from the evidence some one else was the keeper and that they aided and abetted in the keeping, or that they made sales of liquor in the place as the servants or employes of the place in question.

It is not denied this instruction was proper under the eighteenth count and under the evidence. It correctly stated the law under that count and should have been given unless given in another instruction. We have carefully examined all instructions given and find none covering this feature of the case. All the given instructions were based on the other counts charging unlawful sales and none on the subject of keeping a nuisance. It was prejudicial error to refuse it and for this reason the judgment will be reversed and the cause remanded.

*Reversed and remanded.*